UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEMAJIO J ELLIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:19-cv-04570-JPH-DLP ) |
| DR. PAUL TALBOT, et al. | ) ) |
| Defendants. | ) |

**Order Screening Amended Complaint, Directing Service of Process, and
Discussing Motion for Temporary Restraining Order and Preliminary Injunction**

Plaintiff Demajio Ellis, an inmate at Pendleton Correctional Facility ("PCF"), brings this 42 U.S.C. § 1983 action alleging that the defendants have violated his constitutional rights by failing to provide adequate medical care. Because Mr. Ellis is a "prisoner," the Court must screen his complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Mr. Ellis are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Amended Complaint

Before the Court screened Mr. Ellis' original complaint, he filed an amended complaint, dkt. [21], which is the operative complaint that the Court now screens. In his amended complaint, he reduces the number of defendants from eleven to five.[1]

Mr. Ellis' complaint arises from chronic health issues he believes are being inadequately addressed. Mr. Ellis names five defendants: (1) Dr. Paul Talbot; (2) Indiana Department of Correction; (3) Pendleton Correctional Facility; (4) Mr. Zatecky; and (5) Mr. Grimes. Mr. Ellis seeks compensatory and punitive damages and injunctive relief.

According to his complaint, Mr. Ellis has experienced serious symptoms—chest pains, difficulty breathing, fainting on at least ten occasions, irregular heartbeats, dizziness, and a sinus infection—that have been insufficiently addressed by the defendants.

Mr. Ellis alleges that Dr. Talbot refused to refer Mr. Ellis to "medical personnel capable of evaluating the need for treatment" for his serious symptoms. He states Dr. Talbot ordered a spirometry test that resulted in an asthma diagnosis. But Mr. Ellis believes he has a heart condition that could be fatal, and he alleges Dr. Talbot has failed to order proper tests, a heart-healthy diet, or for him to be housed in the infirmary for observation. He alleges that Dr. Talbot began denying certain tests and referrals because Dr. Talbot was upset that Mr. Ellis had filed grievances about

---

[1] The six defendants removed from the complaint—(1) Wexford, (2) Ms. Lynn, (3) Ms. Carrie Stephens, (4) Ms. Michelle LaFlower, (5) Ms. Marla, and (6) Lisa Bergeson—are not addressed in the discussion section and shall be terminated from the docket.

his care. He believes that the inhaler Dr. Talbot has prescribed him has worsened his symptoms, causing him to pass out.

Mr. Ellis alleges that Warden Zatecky has been deliberately indifferent to his medical needs by failing to hire enough custody and medical staff to ensure that inmates have access to proper medical care. He believes that the systemic understaffing is creating a substantial risk of harm to inmates.

Mr. Ellis alleges that Nurse Grimes was deliberately indifferent to his medical needs because Dr. Talbot ordered the spirometry test on February 26, 2019, but Nurse Grines did not give Mr. Ellis the test until March 20, 2019, prolonging his pain.

Mr. Ellis alleges that IDOC and PCF have been deliberately indifferent to his medical needs by failing to have enough medical and custody staff to provide adequate care to inmates.

### III. Discussion

First, any claim against PCF is **dismissed** for failure to state a claim upon which relief can be granted because it is a building, not a suable entity under 42 U.S.C. § 1983. *White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018), *cert. denied*, 139 S. Ct. 107 (2018); *Looney v. Miami Corr. Facility*, No. 3:18CV18-PPS/MGG, 2018 WL 1992197, at *2 (N.D. Ind. Apr. 27, 2018) (dismissing Miami Correctional Facility).

Second, any claim against the IDOC is **dismissed** because a damages claim against the IDOC is barred by the Eleventh Amendment. *De Lima Silva v. Department of Corrections*, 917 F.3d 546, 565 (7th Cir. 2019). And a claim for injunctive relief would be duplicative of the official-capacity claims against Warden Zatecky.

Mr. Ellis' Eighth Amendment claims **shall proceed** as submitted against the remaining defendants. Further, a First Amendment retaliation claim against Dr. Talbot **shall proceed**.

This summary of claims includes all of the viable claims identified by the Court. If Mr. Ellis believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through April 13, 2020,** in which to identify those claims.

### IV. Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to **issue process** to defendants (1) Dr. Paul Talbot, (2) Warden Zatecky, and (3) Mr. Grimes in the manner specified by Rule 4(d) and to **terminate** (1) Wexford, (2) Ms. Lynn, (3) Ms. Carrie Stephens, (4) Ms. Michelle LaFlower, (5) Ms. Marla, (6) Lisa Bergeson, (7) Pendleton Correctional Facility, and (8) the Indiana Department of Correction as defendants. Process shall consist of a copy of the amended complaint filed on February 28, 2020, dkt. [21], a copy of the motion for temporary restraining order and preliminary injunction, dkt. [3], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order. The **clerk is directed** to send a courtesy copy of the service documents to Douglass R. Bitner.

### V. Motion for Temporary Restraining Order and Preliminary Injunction

Mr. Ellis has filed a motion for temporary restraining order and preliminary injunction. Dkt. 3. The defendants **shall respond** to that motion when they file an answer.

**SO ORDERED.**

Date: 3/16/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DEMAJIO J ELLIS
166596
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic service to Warden Zatecky at Pendleton Correctional Facility

Dr. Paul Talbot
Reception Diagnostic Center
737 Moon Road
Plainfield, IN 46168

Mr. Grimes
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

Courtesy copy to:

    Douglass R. Bitner
    Katz Korin Cunningham, P. C.
    The Emelie Building
    334 North Senate Avenue
    Indianapolis, IN 46204