UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEMAJIO J ELLIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-04570-JPH-DLP |
| | ) |
| DR. PAUL TALBOT, et al. | ) |
| | ) |
| Defendants. | ) |

**Order Denying Plaintiff's Motion for Preliminary Injunction**

In this civil rights action, plaintiff Demajio Ellis alleges the defendants have been deliberately indifferent to his serious medical needs, asserting that they have rendered inadequate medical care to address a variety of symptoms including chest pains, difficulty breathing, fainting episodes, irregular heartbeats, and dizziness.

Before the Court is Mr. Ellis's motion for preliminary injunction in which he requests that the Court order the defendants to refer him to a qualified specialist and carry out a treatment plan recommended by the specialist. For the following reasons, Mr. Ellis's motion, dkt. [3], is **denied**.

### I.  Preliminary Injunction Standard

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). "To survive the threshold phase, a party seeking a preliminary injunction must satisfy three requirements." *Valencia v. City of Springfield, Illinois*, 883 F.3d 959, 966 (7th Cir. 2018) (internal quotations omitted)). It must show that: (1) "absent a preliminary injunction, it will suffer irreparable harm in the interim period prior to final resolution of its claims"; (2) "traditional legal remedies would be inadequate"; and (3) "its claim has some likelihood of succeeding on the

1

merits." *Id.* Only if the moving party meets these threshold requirements does the court then proceed to the balancing phase of the analysis. *Id*. In the balancing phase, "the court weighs the irreparable harm that the moving party would endure without the protection of the preliminary injunction against any irreparable harm the nonmoving party would suffer if the court were to grant the requested relief." *Id*.

## II.     Discussion

In this action, Mr. Ellis alleges that the defendants have failed to provide timely and adequate medical care for what he believes are serious chronic conditions. Mr. Ellis alleges he suffers from "sever[e] chest pains, breathing problems, including shortness of breath, unconsciousness, 'asthma and heart attacks,' heart problems, sinus infection, and sever[e] headaches." Dkt. 23 at 1. Mr. Ellis acknowledges he has been diagnosed and treated for his asthma but believes the defendants are ignoring a heart condition.

Mr. Ellis first began complaining of chest pain and breathing problems in February 2019. Dkt. 41-1 at 3–4. Testing revealed Mr. Ellis has asthma, so on April 2, 2019, Dr. Talbot prescribed medication to treat and control it. *Id.* at 9-11.

Mr. Ellis had several other appointments in April 2019 where he complained about perceived lung and heart problems. *Id.* at 14–25. Each time, the nurse or doctor conducted assessments which showed his heart and lungs were functioning normally. *Id.* At an appointment on April 30, 2019, Dr. Talbot told Mr. Ellis that his discomfort was related to his asthma. *Id.* at 25.

In May 2019, a nurse ordered an electrocardiogram ("EKG") which returned normal. *Id.* at 28–30.

Between June 5 and June 11, 2019, Mr. Ellis was seen daily by medical staff due to his belief that he was suffering from heart and lung failure. *Id.* at 30–35. He displayed no symptoms

consistent with his complaints. *Id.* Nursing staff tried to review Mr. Ellis's medical history with him, but he refused to listen because he believed they were "intentionally keeping him from proper health care." *Id.* at 34. A nurse referred him to be seen by mental health staff. *Id.* at 33.

Mr. Ellis was diagnosed with anxiety. *Id.* at 37. At an appointment on July 15, 2019, Mr. Ellis complained that he had passed out due to other inmates smoking. *Id.* at 36. Dr. Talbot noted his heart and lungs were functioning normally and counseled him on how to manage his anxiety. *Id.* at 36–37.

Between July 25 and October 4, 2019, Mr. Ellis saw medical staff ten times with complaints of chest pain and breathing problem. However, he showed no signs or symptoms consistent with heart or lung problems at any of those visits. *Id.* at 42–66.

On November 5, 2019, Dr. Talbot ordered a chest x-ray, which did not show anything wrong with Mr. Ellis's lungs or heart. *Id.* at 75–76, 81.

Mr. Ellis also received a neurological examination on March 3, 2020, which returned normal results. Dkt. 39-1 at 11.

Another EKG taken on March 27, 2020, also showed normal results. Dkt. 39-1 at 19.

Since February 2019, Mr. Ellis has seen medical staff at least 36 times regarding reported heart and lung problems. Every test has come back normal. Dkt. 41-1 at 9, 25–30, 67; dkt. 42-2 at 1–3. Mr. Ellis has not displayed symptoms consistent with a heart attack and has always been able to walk to and from his appointments without assistance. *Id.* Medical staff have diagnosed Mr. Ellis with persistent asthma and have counseled him that his discomfort is related to his asthma. *Id.* at 25. Mr. Ellis uses an inhaler daily but has not needed early refills. Dkt. 39-1 at ¶ 3. Further, Mr. Ellis has complained of sinus infections, but medical staff have not diagnosed him

with sinus infections. Dkt. 41-1 at 86. Dr. Talbot advised him that his sinus-related symptoms were caused by nasal polyposis. Dkt. 41-1 at 86.

With respect to his chest pain, Mr. Ellis told medical staff that he did not trust the EKG results because the machine was old. Dkt. 41-1 at 67. However, there is no evidence that the EKG machine used at PCF is out of order.

As explained below, Mr. Ellis has failed to establish his right to injunctive relief. Mr. Ellis has not shown that he is likely to succeed on the merits of his claims, that he will suffer irreparable harm if immediate relief is not granted, and that his legal remedies are inadequate.

1. *Likelihood of Success on the Merits*

The defendants argue that Mr. Ellis is not entitled to a preliminary injunction because he has not shown a likelihood of success on the merits of his claim. Mr. Ellis's claim is brought pursuant to 42 U.S.C. § 1983. To state a valid Eighth Amendment claim for inadequate medical care, Mr. Ellis must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A deliberate indifference claim is comprised of two elements: one objective and one subjective. *McGee v. Adams*, 721 F.3d 474, 480 (7th Cir. 2013). For the objective element, Mr. Ellis must show that he had a serious medical condition. *Id.* For the subjective element, he must show that the defendants were aware of his serious medical need and were deliberately indifferent to it. *Id.* To demonstrate deliberate indifference to a serious medical need, a plaintiff must show that medical decisions were "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that [they] ... did not base the decision[s] on such a judgment." *Proctor v. Sood*, 863 F.3d 563, 568 (7th Cir. 2017).

The medical defendants dispute whether Mr. Ellis's asthma constitutes a serious need. Dkt. 39 at 5. However, even assuming that Mr. Ellis's symptoms indicate a serious medical need, he has not shown that the defendants have been deliberately indifferent.

Mr. Ellis wants to be seen by an outside specialist for further diagnostic testing. But "[u]nder the Eighth Amendment, [the plaintiff] is not entitled to demand specific care. [H]e is not entitled to the best care possible. [H]e is entitled to reasonable measures to meet a substantial risk of serious harm to [him]." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Here, the defendants have taken measures to meet a substantial risk of serious harm to Mr. Ellis's health. Specifically, the defendants are actively treating Mr. Ellis's asthma with medications they consider appropriate. Mr. Ellis alleges that he has serious lung and heart conditions, but over the dozens of medical visits within the past year, medical staff have evaluated Mr. Ellis and conducted diagnostic tests, including multiple EKGs and an x-ray, and have found nothing wrong with his heart or lungs (besides his asthma).

Because the defendants are aware of and monitoring Mr. Ellis's asthma and have repeatedly conducted testing to ensure he has no underlying heart or other serious condition, he has not shown that he is likely to succeed on the merits of the claim by showing the defendants are consciously disregarding his chronic medical conditions. "Less efficacious treatment—chosen without the exercise of professional judgment—can constitute deliberate indifference, but [Mr. Ellis has] failed to present evidence that his treatment departed from accepted medical judgment, practice, or standards." *Proctor v. Sood*, 863 F.3d 563, 568 (7th Cir. 2017) (internal citations omitted). "The decision whether further diagnostic testing was necessary . . . is 'a classic example of a matter for medical judgment.'" *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)).

In his reply, Mr. Ellis argues that a heart attack may not show up on an EKG, therefore he should receive other tests. Dkt. 44 at 1–2. But the medical staff have done other assessments and tests, including a chest x-ray, on Mr. Ellis and have all concluded that he has not displayed any symptoms consistent with a heart condition. Mr. Ellis has not produced any evidence that the defendants have not made decisions based on medical judgment or that a referral to an outside specialist is warranted.

### 2. *Irreparable Harm*

"[H]arm is considered irreparable if it cannot be prevented or fully rectified by the final judgment after trial." *Whitaker By Whitaker v. Kenosha Unified School District No. 1 Board of Education*, 858 F.3d 1034, 1045 (7th Cir. 2017) (internal citations omitted). Mr. Ellis has failed to establish that he is at risk of suffering irreparable harm if his injunctive relief is not granted. His asthma is being treated with medication. Despite Mr. Ellis's complaints of chest pains, neither the doctors nor nurses have observed any signs of distress consistent with a heart condition.

### 3. *Inadequate Legal Remedies*:

"The moving party must also demonstrate that he has no adequate remedy at law should the preliminary injunction not issue." *Whitaker*, 858 F.3d at 1046. "This does not require that he demonstrate that the remedy be wholly ineffectual." *Id*. (citing *Foodcomm Int'l v. Barry*, 328 F.3d 300, 304 (7th Cir. 2003)). "Rather, he must demonstrate that any award would be seriously deficient as compared to the harm suffered." *Id*. (quoting *Foodcomm*, 328 F.3d at 304). For the same reasons Mr. Ellis has failed to show irreparable harm, he has also failed to show that available legal remedies are inadequate.

## IV. Conclusion

Because Mr. Ellis did not show, as a threshold matter, that he is entitled to a preliminary injunction, the Court will not move to the balancing phase. Mr. Ellis's motion for preliminary injunction, dkt. [3], is **denied**, and his motion for an emergency hearing, dkt. [13], is **denied** as unnecessary.

**SO ORDERED.**

Date: 6/22/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DEMAJIO J ELLIS
166596
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Benjamin C. Ellis
INDIANA ATTORNEY GENERAL
Benjamin.Ellis@atg.in.gov

Zachary Robert Griffin
INDIANA ATTORNEY GENERAL
zachary.griffin@atg.in.gov

Jarod Zimmerman
KATZ  KORIN CUNNINGHAM, P.C.
jzimmerman@kkclegal.com